| | | |
|---|---|---|
| CHIEF EDITOR | - - | W. J. TOSSEL |
| President | - - - | J. F. Laning |
| Vice Pres & Cir. Mgr. | - | Sam H. Torrey |
| Secretary and Treasurer | - | S. R. Laning |

Issued Every Wednesday
50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Per year (50 issues) Payable in Advance. .$15.00
Single Numbers ......................... .50
First Semi-Annual Digest, No. 36, separately   2.50
Second Semi-Annual Digest, Vol. 2, No. 2   2.50
**Due Notices.** We give each subscriber two weeks' mail notice of the due date of his paper, and those who make prepayment, in reply to the statement, are entitled to a 20 per cent abatement of the price.
Address all communications to:
**The Law Abstract Co., 1719 Lakefront Ave.**

## DISTRICT COURTS OF U. S.

### No. 91

### ACKLIN v. PEOPLE'S SAV. ASSN.

U. S. Dist. Court, N. D. Ohio, W. D.
Decided Aug. 23, 1923

**653.   INTERNAL REVENUE — Member may sue to restrain association from making returns and paying taxes, though government not bound.**

Injunction may lie when rights and property would be destroyed by payment of tax.

Exemption not denied because building and loan association requires ownership by borrowers of only small amount of stock; "members."

When legislative discussions considered, in construing statutes, stated.

Commissioner not authorized to determine qualifications of members of exempt association.

Exemption not denied building and loan association because loss in case of failure would not fall equally.

Filing of returns by exempt association not enjoined, or other relief granted, unless departmental relief delayed.

KILLITS, D. J.

#### Epitomized Opinion

This was a suit by Acklin, a stockholder of the People's Saving Assn., to restrain the defendant from filing income tax or capital stock tax returns, from paying any alleged taxes and from dismissing a suit now pending wherein the Association was plaintiff and the Collector of Internal Revenue was defendant, in which the association asked an injunction restraining infringement upon its alleged right of exemption. The defendant filed a motion to dismiss this action. The petition alleged that the plaintiff was a member of the Loan Co., that certain taxes had been illegally assessed by the Federal government, that the association was intending to proceed for the protection of its rights by filing claims for refund, which procedure the plaintiff claimed would inflict an irreparable injury upon the association in that a proper distribution of earnings among its members could not be made. In overruling the motion to dismiss, and for a temporary restraining order, the court held:

1. A member and stockholder of a building and loan association may maintain a suit to restrain the association from making returns of its income and capital stock, or paying taxes thereon, on the ground that it is exempt, though the determination might not be binding on the government; the petition being filed in plaintiff's own right and to assert a right of the association.

2. While the remedy of a taxpayer from whom an internal revenue tax is illegally exacted is in the Bureau of Internal Revenue, under Rev. St., Sec. 3224 et seq. (Comp. St., Sec. 9547 et seq.), and ordinarily he may not enjoin the collection of the tax, if the facts clearly show that the rights and property of the taxpayer will be utterly destroyed if he is compelled to pay an alleged tax and pursue his remedy in the department, a court of equity may take jurisdiction to grant relief, but only in the most extraordinary cases.

3. Under Revenue Act 1921, Sec. 231 (4), exempting from payment of taxes on their capital stock and income building and loan associations, substantially all of whose business is confined to making loans to members, if an association operates on a strictly mutual basis, so that all members participate equitably and without particular benefit to any class, it may determine for itself what the qualifications of its "members" shall be, and need not require borrowing members to subscribe for stock equal to the loan, or for any particular amount of stock, and such an association cannot be denied exemption because it requires borrowers to own but $1 of stock, especially where this rule was adopted long before the Revenue Act was passed.

4. While the construction of a statute may not be generally aided by consideration of discussions in the Legislature, yet, where the legislation was had with special attention given to the effect of the disputed language, that cogitation by participating members which served to affect the result may be resorted to for definite purposes.

5. Under Revenue Act 1921, Sec. 231 (4), exempting domestic building and loan associations, substantially all of whose business is

confined to making loans to members, from taxation on their capital stock and income, no authority is conferred on the Commissioner of Internal Revenue to determine the qualifications of members.

6. Under Revenue Act 1921, Sec. 231 (4), exempting building and loan associations, substantially all of whose business is confined to making loans to members, from taxation on their capital stock and income, exemption cannot be denied because, in the remote event of an association's failure, the loss after absorption of reserves would not fall on borrowers and lenders according to stock owned by lenders and stock subscribed for by borrowers.

7. That a building and loan association, exempt from taxation on its income, may be injured or prejudiced by the uncertainty of the situation, is not sufficient ground for enjoining it, in suit by member and stockholder, from filing income tax returns, or otherwise interfering by injunction, until it has failed within reasonable time to obtain relief in the Treasury Department, under Rev. St., Sec. 3224 et seq. (Comp. St., Sec. 5947 et seq.)

**Attorneys**—E. H. Ray, for Acklin; Marshall & Fraser, Toledo, for People's Sav. Assn.

# OHIO SUPREME COURT

## Weekly list of new cases filed.

### January 30

18347—The State of Ohio, ex rel Charles M. Foster and Charles M. Foster, as a citizen and taxpayer, on behalf of himself and all others similarly situated, v. L. A. Boulay, as Director of the Department of Highways and Public Works of Ohio, Wilbur E. Bakery, Director of Finance of State of Ohio, Joseph Tracy, as Auditor of the State of Ohio; Harry S. Day, as Treasurer of the State of Ohio, and E. C. Lewis and J. A. Copeland, doing business under the trade name of Lewis & Copeland, a partnership; motion for an order directing the Court of Appeals of Franklin county to certify its record. W. S. Pealer, R. W. Walton, Columbus, and Dow Aiken, Bellefontaine, for plaintiffs; C. C. Crabbe, Attorney General, J. C. Williamson, H. C. Sherman and C. H. Duncan, Columbus, for defendants.

18348—Al. G. Koch v. Edward W. Pond; motion for an order directing the Court of Appeals of Hamilton county to certify its record. Eugene Adler, Sidney Adler, Dinsmore, Shohl & Sawyer, Cincinnati, for plaintiff; D. T. Hackett and Samuel Rotter, Cincinnati, for defendant.

18349—Ada M. Krehbiel v. Franklin G. Krehbiel; motion for an order directing the Court of Appeals of Hamilton county to certify its record. Mitchell Wilby, Cincinnati, for plaintiff; Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for defendant.

### January 31

18350—The State of Ohio ex rel The Wolf Run Coal Co. v. The Industrial Commission of Ohio, Thomas J. Duffy, Rose Moriarity and J. D. Clark; In Prohibition. Bulkley, Hauxhurst, Jamison & Shark, Cleveland, for plaintiff; C. C. Crabbe, R. R. Zurmheley, Columbus, for defendants.

18351—John J. Heim v. The Martin Bros. Co.; motion for an order directing the Court of Appeals of Lucas county to certify its record. Fredk. B. Willard and Alonzo H. Duer, Toledo, for plaintiff; Miller & Brody, Toledo, for defendant.

18352—C. C. Glasgo and 39 other plaintiffs v. Hugh Paxton, as Treasurer of Ashland County, Ohio; error to the Court of Appeals of Ashland county; motion for an order directing the Court of Appeals of Ashland county to certify its record. F. O. Levering, for plaintiffs; Henderson & Culbertson, Ashland, for defendant.

### February 1

19353—Gustave A. Niehaus, as Chief Inspector of the Division of Building Inspection of the City of Dayton, Ohio, v. The State of Ohio, ex rel, Board of Education of the City School District of Dayton, Ohio; error to the Court of Appeals of Montgomery county. John B. Harshman, City Attorney, Walter B. Snyder, Howard F. Heald and Guy H. Wells, Asst. City Attorneys, Dayton, for plaintiff; Nevin & Kalbfus, Dayton, for defendant.

19354—State of Ohio ex rel Herman L. Christensen v. H. P. Larsen; in Quo Warranto. Jos. M. Kiss, Cleveland, for plaintiff.

18355—The Central Gas Co. v. Hope Oil Co.; motion for an order directing the Court of Appeals of Monroe county to certify its record. Moore, Devaul & Moore, Woodsfield, for plaintiff; L. E. Matz and F. W. Ketterer, Woodsfield, for defendant.

18356—The Loose Wiles Biscuit Co. v. Edward Pfahl; motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Dustin, Mc Keehan, Merrick, Arter & Stewart, Cleveland, for plaintiff; S. M. Young, D. R. Hothcoff, Cleveland, for defendant.

### February 4

18357—In the Matter of the Removal of Michael Davis, as Chief of Police of the City of Bellaire, Ohio, v. John R. Wyatt; motion for an order directing the Court of Appeals of Belmont county to certify its record. N. K. Kennon, St. Clairsville, for plaintiff; Paul V. Waddell, Bellaire, for defendant.

18358—Alfred C. Vaughn v. George Motoasca; motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Thompson, Hine & Florey, Cleveland, for plaintiff; Mills, Knight & Miller, Cleveland, for defendant.

18359—The Savage Fire Clay Co. v. Charles S. Peters; motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. P. M. Smith, Wellsville, for plaintiff; Lones, Hill & Davidson, E. Liverpool, for defendant.

18360—Clyde Hatcher, Rose M. Hatcher, James A. Wilkinson, Ida Anderson and Grace Hood v. The National Coal Co.; motion for an order directing the Court of Appeals of Belmont county to certify its record. Thornburg & Lewis and A. W. Kennon, St. Clairsville, for plaintiffs; Charles S. Sheppard, for defendant.